

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| WALTER DAVIS, SR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:15-CV-04643-MGL |
| | § | |
| CITIMORTGAGE, INC., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## I.  INTRODUCTION

This case presents state causes of action for claims of fraud, breach of contract accompanied by a fraudulent act, and defamation of credit, as well as statutory violations of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45, and the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-20.  The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331, 1332, and 1367.  Pending before the Court is Defendant CitiMortgage, Inc.'s, motion for judgment on the pleadings.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendant's motion will be granted.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to October 22, 1999, Plaintiff Walter Davis, Sr., a former railroad employee on disability, claims to have obtained a mortgage on his South Carolina property from Defendant.  ECF No. 13 at 1.  Plaintiff states that on October 22, 1999, his wife forged a deed conveying an undivided one-half interest in his property to her and refinancing his mortgage without his consent.  *Id.* at 2.  Thereafter, Plaintiff fell behind on his monthly mortgage payments, and Defendant brought a foreclosure action on January 29, 2003.  *Id.*; ECF No. 8-1 at 5.  The foreclosure complaint contained the names of Plaintiff and his wife and information regarding his wife's forged deed.  ECF No. 8-1 at 2.  With help, Plaintiff was able to redeem his property from foreclosure.  ECF No. 13 at 1.

Ten years later, in 2013, issues arose concerning Plaintiff's property boundaries, leading Plaintiff to research his title and allegedly discover the 1999 deed containing his forged signature.  *Id.* at 2.  Plaintiff contacted Defendant the following year to determine the status of his loan but states that he failed to receive a response.  *Id*.  On October 24, 2014, Plaintiff's by-then ex-wife conveyed her undivided one-half interest in the property back to Plaintiff.  *Id*.

Plaintiff filed this case on October 7, 2015, in the Fairfield County Court of Common Pleas in South Carolina, alleging, as noted above, claims of fraud, breach of contract accompanied by a fraudulent act, and defamation of credit, as well as violations of the FTCA and the SCUTPA.  ECF No. 1-1.  On November 18, 2015, Defendant removed the case to this Court.  ECF No. 1.  Defendant filed a motion for judgment on the pleadings on December 4, 2015.  ECF No. 8.  Plaintiff submitted his response in opposition on January 4, 2016, ECF No. 13, and on January 12, 2015, Defendant filed its reply, ECF No. 16.  The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

**III.     STANDARD OF REVIEW**

The defense of failure to state a claim upon which relief can be granted, set forth under Fed. R. Civ. P. 12(b)(6), can also be made via a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).  Stated differently, a Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss made under Rule 12(b)(6).  *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive the motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint are true and draws all reasonable factual inferences in favor of the nonmoving party.  *Burbach*, 278 F.3d at 406.  Conclusory allegations pled in the complaint are undeserving of an assumption of truth and should be accepted only to the extent "they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

A defendant can raise a statute of limitations affirmative defense in a Rule 12(b)(6) motion as long as the complaint clearly alleges all of the facts sufficient to rule on the defense.  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

## IV.   CONTENTIONS OF THE PARTIES

In its motion to dismiss, Defendant avers that Plaintiff's two fraud claims and his breach of contract accompanied by a fraudulent act claim are time-barred by their three-year statutes of limitations, as well as being insufficiently pled with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.  Defendant further advances that Plaintiff's defamation of credit claim is barred by its two-year statute of limitations, preempted by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and barred by the doctrine of truth.

Defendant also posits that Plaintiff's claim of unfair debt collection practice under the FTCA fails as there is no private right of action under this act.  Alternatively, Defendant avows that if the claim is construed as a Fair Debt Collection Practices Act (FDCPA) claim, 15 U.S.C. § 1692, it fails for three separate reasons: (1) the claim is time-barred by the one-year FDCPA statute of limitations, (2) Defendant is not a "debt collector" as defined in the FDCPA, and (3) the allegations are insufficient to give rise to a FDCPA claim.

Finally, Defendant contends that Plaintiff's SCUTPA claim is barred by the three-year statute of limitations provided in the SCUTPA and that this limitations period expired in 2006.  Further, Defendant argues this claim is meritless as a matter of law, because Plaintiff failed to allege an impact on the public interest from the claim and the complaints are private in nature.

Plaintiff disputes each of these contentions.

## V.   DISCUSSION AND ANALYSIS

### A.   Fraud Claims

Plaintiff alleges Defendant made fraudulent representations to Plaintiff "concerning the status of his mortgage, the necessity for redemption and the effected redemption by Defendant

4

for Plaintiff's benefit," as well as "concerning the status of his needing to make mortgage payments to Defendant after it was redeemed and to Plaintiff's continuing right to ownership of the subject property." ECF No. 8-1 at 6. Under Federal Rule of Civil Procedure 9, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Further, fraud claims have a three-year statute of limitations under South Carolina law. S.C. Code Ann. § 15-3-530. The parties agree that these claims are governed by the discovery rule, which dictates that the statute of limitations starts to run "from the date the injured party either knows or should know, by the exercise of reasonable diligence," of a cause of action. *Epstein v. Brown*, 610 S.E.2d 816, 818 (S.C. 2005). The discovery rule is an "objective, rather than subjective" test, and until an "individual has inquiry or constructive notice," the statute of limitations does not yet begin to run. *Berry v. McLeod*, 492 S.E.2d 794, 799 (S.C. Ct. App. 1997) (citation omitted).

Plaintiff advances in his response in opposition to the motion that he has a disability that affects his ability to understand and cites S.C. Code Ann. § 15-3-40, which permits up to a five-year extension on a statute of limitations for an individual who was a minor or "insane" at both the time the cause of action accrued and during its pendency. Plaintiff is not a minor, and under South Carolina law, a showing of insanity requires "an over-all inability to function in society, or . . . to require care in a hospital." *Wiggins v. Edwards*, 442 S.E.2d 169, 170 (S.C. 1994) (quoting 54 C.J.S. *Limitations of Actions* § 117 at 159–169 (internal footnotes omitted)).

Here, Plaintiff has pled no facts in his complaint or his response in opposition, nor has he presented any evidence that show insanity either at present or at the time when the cause of action arose, in 1999 or 2003. Consequently, this Court holds that Plaintiff's insanity assertion is inapplicable. Moreover, even if the five-year extension applied, this action, filed in 2015, would

nevertheless be time-barred by several years. Plaintiff was put on notice of these claims at the time of the foreclosure in 2003, so the three-year statute of limitations has long since run.

Further, even if there was no statute of limitations problem, Plaintiff's two fraud claims fail to meet the pleading standards of Rule 9(b). Additionally, although he might could have sufficiently pled these claims in an amended complaint, he failed to properly move the Court to file one. As such, Plaintiff's two fraud claims are unable to go forward and will be dismissed.

### B.     Breach of Contract Accompanied by a Fraudulent Act Claim

Plaintiff also challenges the loan origination, asserting that Defendant "added moneys to Plaintiff's mortgage, without Plaintiff's actual authorization" and further committed fraudulent acts in doing so. ECF No. 1-1 at 10. In South Carolina, a breach of contract action is subject to a three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530. Breach of contract accompanied by a fraudulent act is considered contractual in nature, despite having tortious elements, and is thus governed by the limitation period for contracts actions. *See Peeples v. Orkin Exterminating Co.*, 135 S.E.2d 845, 847 (S.C. 1964) ("An action for breach of contract accompanied by a fraudulent act is an action ex contractu, not ex delicto."). Further, as an averment of fraud, a claim for breach of contract accompanied by a fraudulent act is governed by Rule 9 and "must state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b).

The discovery rule applies to breach of contract actions as well, *Prince v. Liberty Life Ins. Co.*, 700 S.E.2d 280, 282 (S.C. Ct. App. 2010), and it begins to run "not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence," *Maher v. Tietex Corp.*, 500 S.E.2d 204, 207 (S.C. Ct. App. 1998).

6

Again, Plaintiff was put on notice such that he "could or should have discovered" the alleged breach through due diligence at the time of the foreclosure complaint in 2003, and thus the three-year statute of limitations for this claim ran in 2006.

In his response in opposition, Plaintiff cites to S.C. Code Ann. § 15-3-520(a), which provides a twenty-year statute of limitations for "action[s] upon a bond or other contract in writing secured by a mortgage of real property." This provision is generally applied to actions directly concerning defaults on mortgages and foreclosure proceedings. *See, e.g., Kimbrel v. Travelers Indem. Co.*, 19 F.3d 1429 (4th Cir. 1994) (applying the provision to a foreclosure on a note secured by real estate and personal property); *Suttles v. Wood*, 312 S.E.2d 574, 576 (S.C. Ct. App. 1984) (applying the provision to an action to foreclose mortgages). Courts have instead applied the three-year statute of limitations in actions tangentially related to mortgages but more directly dealing with fraud and forgery. See, e.g., *Carrington v. Mnuchin*, No. 5:13-03422-JMC, 2016 WL 316020, at *3 (D.S.C. Jan. 27, 2016) (refusing to apply the twenty-year statute of limitations over the three-year statute in an action for breach of contract accompanied by a fraudulent act following a defendant's failure to modify plaintiff's mortgage loan). For these reasons, and because Plaintiff fails to make any argument about the applicability of S.C. Code Ann. § 15-3-520(a) over § 15-3-530, this Court declines to apply the twenty-year statute of limitations.

Thus, the three-year statute of limitations applies, and Plaintiff's breach of contract accompanied by a fraudulent act claim is time-barred. Nevertheless, even if the statute of limitations was inapplicable, Plaintiff's claim is unable to go forward for failure to meet the heightened pleading standards mandated by Rule 9. Accordingly, Plaintiff's breach of contract accompanied by a fraudulent act claim will also be dismissed.

7

### C. Defamation of Credit Claim

Plaintiff further maintains that Defendant "publish[ed] to third parties the false allegations that Plaintiff['s] account with Defendant was delinquent." ECF No 1-1 at 11. Defendant maintains that this claim is preempted by the FCRA, which provides:

> [N]o consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h.

Plaintiff contends his losses were the direct result of "Defendant's willful defamation," meaning the claim would fall under the provision's narrow exception when false information is furnished with "malice or intent to injure" the consumer. *See id.*; *see* ECF No. 1-1 at 11. However, he fails to avouch any factual allegations which illustrate "malice or willful intent to injure" him on Defendant's behalf. In fact, Plaintiff's only factual allegation for his defamation of credit claim is that Defendant published Plaintiff's account's delinquency. ECF No. 1-1 at 11. This allegation is unable to give rise to an assumption of malice or intent to injure, as Plaintiff openly admitted falling behind on his mortgage payments resulted in a foreclosure action. ECF No. 13 at 14. Under *Iqbal*, mere conclusory allegations carry no weight, and as such, Plaintiff's claim of "willful defamation" is insufficient for his claim to fall under the FCRA exception. *See* 556 U.S. at 679. Further, because Plaintiff makes no argument disputing Defendant's assertion of FCRA preemption, any contention he could have made is waived. *See Mayfield v. Nat'l Ass'n*

8

*for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (citations omitted)).

Thus, this Court holds that Plaintiff's defamation of credit claim is expressly preempted by the FCRA. Given that this holding is dispositive of the claim, the Court declines to address the remaining arguments, and this claim will be dismissed.

### D.     Unfair Debt Collection Practice Claim

Plaintiff also alleges unfair debt collection practices, in violation of the FTCA, 15 U.S.C. § 45. The FTCA imposes a three-year statute of limitations on the Federal Trade Commission (FTC) to bring an action, and the statute begins to run after the rule violation or "unfair or deceptive act or practice" occurs. 15 U.S.C. § 57b. Further, it is well-established that no private right of civil action exists under § 45. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973) ("To imply a private right of action to enforce the Federal Trade Commission Act . . . would be contrary to the legislative design which we discern to have been deliberately wrought."). A private cause of action filed pursuant to § 45 is therefore unfounded and should be dismissed. Moreover, even if a private right of action were permitted, the statute of limitations is limited to three years.

Defendant points out that, when presented with pro se pleadings, other district courts in the Fourth Circuit have construed a claim under the FTCA instead as a claim under the FDCPA. ECF No. 8 at 15; *see, e.g.*, *Cole v. Montgomery*, No. 4:14-cv-4462-RMG, 2015 WL 5965277, at *2 (D.S.C. Oct. 13, 2015) ("[T]he liberal pro se pleading standard requires the Court to construe Plaintiff's incorrect citation to 15 U.S.C. § 45 as a reference to the Fair Debt Collection Practices Act."). FDCPA claims are subject to a one-year statute of limitations, which begins on "the date on which the violation occurs." 15 U.S.C. § 1692K(d). However, Plaintiff has counsel, so,

because Plaintiff failed to allege an FDCPA violation, the statute is inapplicable. Further, even if he had alleged an FDCPA violation, his claim would be time-barred by the one-year statute of limitations. Deeming application of the FDCPA inappropriate, this Court turns to Plaintiff's FTCA allegation.

There are two problems with Plaintiff's debt collection claim under the FTCA. First, any debt collection practices claim expired with the other claims in 2006. And second, even without the statute of limitations issue, Plaintiff is unable to bring a private cause of action against Defendant.

Thus, under the undisputed facts of this case, Plaintiff's unfair debt collection practices claim must also be dismissed. Because this is dispositive of the case, the Court finds it unnecessary to discuss the parties' remaining arguments.

### E.     SCUTPA Claim

Finally, Plaintiff alleges Defendant committed several "unfair, deceptive and unlawful acts" under the SCUTPA, including:

> (1) "allowing Plaintiff's former wife to act on Plaintiff'[s behalf] on his mortgage and so to swindle him,"
> (2) "concealing from the Plaintiff the particulars of the refinancing,"
> (3) "ignoring Plaintiff's requests for information concerning these transactions,"
> (4) "falsely representing Plaintiff's former wife as having some legitimate claim to Plaintiff's property,"
> (5) "threatening to foreclose on Plaintiff's home,"
> (6) "falsely obtaining the refinance of a mortgage on Plaintiff's property and retaining the proceeds of said loan,"
> (7) "failing to properly ascertain title," and
> (8) "refusing to acknowledge Plaintiff's rights."

ECF No. 1-1 at 7.

The SCUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. To adequately

plead a claim for violation of the SCUTPA, the plaintiff must show "(1) that the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act." *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 816 (S.C. 2013) (internal citations omitted).

As observed above, Defendant first asserts that Plaintiff's claim of a SCUTPA violation is barred by the statute's three-year statute of limitations. The SCUTPA provides that a party must advance a claim within "three years after discovery of the unlawful conduct which is the subject of the suit." S.C. Code Ann. § 39-5-150. As noted above, the discovery rule dictates that the statute of limitations starts to run "from the date the injured party either knows or should know, by the exercise of reasonable diligence," of a cause of action, *Brown*, 610 S.E.2d at 818, and is an objective test, *McLeod*, 492 S.E.2d at 799.

Plaintiff asserts that, although the forged deed and foreclosure proceedings referenced in these allegations occurred in 1999 and 2003 respectively, his claim is not time-barred because he failed to discover his ex-wife's 1999 deed—and thus discover the "unlawful conduct" under the SCUTPA—until 2013. Defendant correctly points out, however, that the foreclosure complaint sent to Plaintiff on January 29, 2003, referenced the deed carrying the undivided one-half interest from Plaintiff to his then-wife as well as the refinancing. Thus, the complaint put Plaintiff on constructive notice of the forged deed, and accordingly of the possibility for legal recourse, on January 29, 2003. Although Plaintiff asserts in his response that he "has difficulty reading and understanding," ECF No. 13 at 5, as already observed, the discovery rule is an objective test under South Carolina law and is unaffected by Plaintiff's personal attributes. *See McLeod*, 492

11

S.E.2d at 799.  Consequently, Plaintiff should have brought suit for this cause of action by January 29, 2006, to fall within the statute of limitations.

This Court holds that Plaintiff's SCUTPA claim is time-barred by the statute of limitations.  Nonetheless, even without the statute of limitations issue, this claim is unable to go forward, as Plaintiff failed to allege an impact on the public interest, and Plaintiff's complaint is individual or private in nature.  As such, this Court will dismiss Plaintiff's SCUTPA claim.

## VI.  CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant's motion for judgment on the pleadings is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 28th day of July, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE